# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM BURSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:17-cv-01117 |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Brown |
| ) | |
| NASHVILLE COMMUNITY CARE AT ) | |
| BORDEAUX, ) | |
| ) | |
| Defendant. ) | |

To: The Honorable Chip Campbell, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant motion to dismiss (Docket Entry No. 11), to which Plaintiff has failed to respond and is unopposed. The Magistrate Judge **RECOMMENDS** that this motion be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

Plaintiff, William Burse, filed this *pro se* action against Defendant, Nashville Community Care at Bordeaux, on August 7, 2017. (Docket Entry No. 1). Plaintiff asserts a claim for "discrimination." *Id.* at 1. The District Judge referred the case to the Magistrate Judge for decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions. (Docket Entry No. 5).

On January 8, 2018, Defendant filed a motion to dismiss. (Docket Entry No. 11). On January 23, 2018, the Magistrate Judge entered and Order (Docket Entry No. 14), giving Plaintiff until February 12, 2018, to file a response. The Magistrate Judge cautioned Plaintiff that a failure to respond could result in the motion being granted as unopposed. *Id.* After receiving a letter from

Plaintiff that the Magistrate Judge construed as a request for more time to respond to the motion to dismiss, the Magistrate Judge gave Plaintiff until February 26, 2018 to file a response. (Docket Entry No. 16). The Magistrate Judge again cautioned Plaintiff that failing to file a response may cause the Magistrate Judge to recommend that Defendant's motion to dismiss be granted. *Id.* The Magistrate Judge also noted that although, under Rule 15 of the Federal Rules of Civil Procedure, Plaintiff could file a motion to amend his complaint to provide more details, he had failed to do so at that point and advised Plaintiff to read Rules 15 and 56 under the Federal Rules of Civil Procedure. *Id.* at 1 n.1. The Magistrate Judge set the matter for a March 7, 2018 telephone conference to discuss the status of the case and the possibility of ADR. *Id.* at 1. Following the telephone conference, the Magistrate Judge granted Plaintiff until March 29, 2018 to respond to Defendant's motion to dismiss and warned Plaintiff that failure to respond could result in a recommendation that Defendant's motion be granted. (Docket Entry No. 17). The Magistrate Judge noted that Plaintiff had not filed an amended complaint and that any request to amend his complaint at the present time would require a motion under Rule 15(a)(2). *Id.* As of the date of this Report and Recommendation ("R&R"), Plaintiff has not responded to Defendant's motion to dismiss or moved to amend his complaint.[1]

In his complaint, Plaintiff only alleges "discrimination" as the grounds for filing his action in federal court. (Docket Entry No. 1). Plaintiff does not allege any facts in his complaint. However, Plaintiff attached to his complaint the EEOC's Notice of Right to Sue, Plaintiff's EEOC charge of discrimination, and a copy of the EEOC investigative report. (Docket Entry No. 1-1). The

---

[1] Pursuant to Local Rule 7.01(b), "[f]ailure to file a timely response shall indicate that there is no opposition to the motion."

EEOC charge of discrimination reflects that Plaintiff's allegations are that he was discriminated on the basis of his sex and age and that he was retaliated against for opposing unlawful employment practices. (Docket Entry No. 1-1, at 4). According to the EEOC charge, in May 2013, Defendant hired Plaintiff as a housekeeper/janitor. *Id.* On or about February 22, 2016, Plaintiff filed a complaint with his employer's human resource director, "regarding the treatment [Plaintiff] was subjected to by Lead Housekeeper/Janitor Phyllisa Evans,"[2] and that "[o]n or about February 26, 2016, [Plaintiff] was discharged by Chief Executive Officer Anthony Mason." *Id.* Plaintiff was told by Mason that he "was discharged for threatening behavior and interference in an investigation." *Id.*

In a letter dated March 23, 2017 from the EEOC to Plaintiff informing Plaintiff as to the status of the investigation, the EEOC investigator states, in part:

> In your charge you alleged you were discriminated and retaliated against because of your gender (male), and your age (56), in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended and the Age Discrimination in Employment Act of 1967 (ADEA), as amended. You allege you were harassed by Ms. Evans when she refused to tell you who it was that falsely accused you of smoking and hiding in a closet, and when she gave you more work than you could handle. You assert you immediately reported Ms. Evans to Human Resources and after you complained you were discharged. You state that the reason given to you for your discharge was for acting in an intimidating manner. You allege other female employees have acted in the same manner, yet were not discharged.

*Id.* at 9.

On September 13, 2017, Plaintiff filed a notice of additional information (Docket Entry No. 6), asserting, essentially, the same allegations. Plaintiff alleges that he was "terminated due to accusation that have no evidence." *Id*. at 3. Plaintiff alleges that "head person" Phyllisa Evans was

---

[2]In Plaintiff's "Coaching & Counseling Session" form attached to his summons and part of the pleadings, Evans is listed as a Supervisor." (Docket Entry No. 8, at 4).

3

informed that Plaintiff was taking long smoke breaks and hiding in a closet, but that Evans refused to tell him who told her this information. *Id.* According to Plaintiff, after Evans went down a elevator, he followed her downstairs to "continue the conversation," but that she refused to tell him who told her. *Id*. at 4. Plaintiff alleges that he told her that he "felt that she was harassing [him] with false allegations and adding more to [his] work assignment." *Id*. at 4. Plaintiff then went to the human resource department to file a complaint "for harassment" against Evans. *Id*. at 5. Plaintiff alleges that he was not counseled for any confrontation or threatening behavior towards Evans, that he did not have any "active coaching or counseling in [his] files," and that he had not received any written warnings since his employment began in May 2013. *Id.*

Additionally, Plaintiff alleges that he is a union steward for SEIU Local Union 205 and has sat in a hearing for a particular female employee who had "verbal conversations,"--one of which Plaintiff describes as being a "verbal confrontation and intimidating conversation,"--on three occasions with other employees. *Id*. at 5-6. According to Plaintiff, that woman was afforded coaching and counseling and is still working for Signature Health Care Madison facility. *Id.* at 6. Allegedly, another woman who was involved in one of these conversations was also afforded coaching and counseling. *Id.*; Docket Entry No. 8, at 6-7.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 11), contending that Plaintiff's discrimination claim is time-barred because he failed to serve Defendant within ninety days of filing his complaint in federal court as required by Fed. R. Civ. P. 4(m) and the statute of limitations expired by the time he finally perfected service. Defendant also contends that Plaintiff's complaint fails to allege sufficiently a discrimination claim under the federal pleading standards as it does not: (a) identify the type of discrimination to which Plaintiff alleges he was subjected; (b)

4

identify the factual basis for any discrimination claim; and (c) set out the essential elements of a discrimination claim.

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'makes assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Under Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed so as to do justice." Although "Rule 8(a) does not require a plaintiff to plead his employment discrimination claims with particularity, . . . the factual allegations in the complaint must be sufficiently clear to permit the Court and the defendants to ascertain the nature of the claims that are asserted." *Howard v. Cargill, Inc.*, No. 08-2057-STA-DKV, 2009 WL 973086 3, at *3 (W.D. Tenn. Apr. 9, 2009) (citing *Swierkiewicz v. Sorema, S.A.*, 534 U.S. 506 (2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). A claim to relief is plausible if the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

5

line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (brackets and internal quotation marks omitted).

A court must construe the complaint "'in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). However, courts "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (citation omitted). While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* complaints "must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570); *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004) (citations omitted) (*pro se* plaintiffs "'are not automatically entitled to take every case to trial'" and "'[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'"). Courts will "consider documents filed after the complaint 'as part of the pleadings.'" *Brown*, 415 F. App'x at 613 (citation omitted).

"A motion under Rule 12(b)(6) is directed solely to a complaint itself . . . ." *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971). Yet, in evaluating a plaintiff's complaint, under Fed. R.

6

Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. *Fagan v. Luttrell*, 225 F.3d 658, No. 97-6333, 2000 WL 876775, at *2 (6th Cir. June 22, 2000) (citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)); *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) ("[A] court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment.") (quoting *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)); *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) (plaintiffs' affidavits were not outside the pleading as they did nothing more than verify the complaint, did not add anything new and, in effect, reiterated the contents of the complaint itself); *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386-87 (6th Cir. 2017) (courts may consider videos when deciding motions to dismiss).

### III. ANALYSIS

### A. TIMELINESS

Defendant contends that because Plaintiff did not serve his complaint within the statute of limitations, any claims that could have been asserted under either Title VII or the ADEA are now time-barred. (Docket Entry No. 12, at 4). A civil action under Title VII and the ADEA must be filed within ninety days after receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(e). Here, the EEOC issued Plaintiff his right-to-sue notice on May 11, 2017. (Docket Entry No. 1-1, at 1). In the Sixth Circuit, notice is deemed given and the ninety-day limitations period therefore begins running on the fifth day after the EEOC's mailing of a right-to-sue notice to

7

the plaintiff's "record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (emphasis and footnote omitted). Thus, barring evidence to the contrary, the EEOC is presumed to have given Plaintiff notice of its right-to-sue letter on May 16, 2017, and the ninety-day limitations period began to run from that date. Plaintiff filed this action on August 7, 2017, eighty-three days after receiving notice. (Docket Entry No. 1).

Defendant contends that although Plaintiff timely filed his complaint, doing so only tolled the 90-day statute of limitations during the 90-day service period and that when the service period expired without perfected service, the limitations period restarted and expired before Plaintiff actually served Defendant on December 16, 2017. (Docket Entry No. 12, at 1). Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." However, under the 1993 amendments to Fed. R. Civ. P. 4 and the Advisory Committee Notes thereto, if a plaintiff fails to comply with the time limit under Rule 4(m) for service of process, a district court has the discretion to extend the time for service without a showing of good cause. *Henderson v. United States*, 517 U.S. 654, 662 (1996); *Slenzka v. Landstar Ranger Inc.*, 204 F.R.D. 322, 324-26 (E.D. Mich. 2001); *Catz v. Chalker*, 142 F.3d 279, 295 (6th Cir. 1998) (Wellford, J. concurring) (quoting *Panaras v. Liquid carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) ("[A]bsent good cause for failure to serve in a timely manner under the Rule, 'the court

8

may, in its discretion, either dismiss the action without prejudice, or direct that service be effected within a specified time.") (citations and emphasis omitted)); *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *7 (E.D. Mich. Sept. 11, 2017).[3]

On November 16, 2017, the Magistrate Judge gave Plaintiff fourteen days to either return proof of service or to request additional time to accomplish such service. (Docket Entry No. 7). The docket sheet reflects that the summons was returned executed on November 22, 2017. (Docket Entry No. 8). On December 13, 2017, the Magistrate Judge entered and Order noting that an attorney for Defendant advised that service in this action was defective in that the person served was not authorized to accept service for the company. (Docket Entry No. 9). The Magistrate Judge advised that the Secretary of State's office should have the name and address of the registered agent for service of process on the company and that Plaintiff may want to serve that agent by certified mail or personal service in case service was defective. *Id.*

Defendant contends that Plaintiff's November 22, 2017 return of service indicates that he served Defendant on August 7, 2017, a day prior to the Court's issuance of the summons on August 8, 2017, which "makes absolutely no sense and the Court should disregard it." (Docket Entry No. 12, at 2 n.2). Defendant alleges that it did not receive the summons and complaint until December 18, 2017. *Id.* While Defendant's assertion may be true, the Magistrate Judge cannot discern from this record when Defendant was definitively served and is therefore unable to address Plaintiff's

---

[3]*See Campbell v. Angela Hospice Home Health Care, Inc.*, No. 06-CV-15513, 2007 WL 4571456, at *5 (E.D. Mich. Dec. 27, 2007) (declining to adopt a "bright line rule that the running of a statute of limitations automatically resumes at the conclusion of the 120 day period set out in Fed.R.Civ.P. 4(m)."); *see also Whitaker v. Stamping*, 302 F.R.D. 138, 142-44 (E.D. Mich. 2014) ("The Court believes that . . . an extension of time for service retroactively tolls a statute of limitations under Rule 4(m) is correct.").

statute of limitations argument under Rule 12(b)(6).[4]  Accordingly, the Magistrate Judge concludes that this argument fails.

## B.  FAILURE TO STATE A CLAIM

### 1.  Sex Discrimination

Absent direct evidence of discrimination, to state a claim for sex discrimination under Title VII, a plaintiff must allege plausible facts: (1) that he is a member of a protected class; (2) that he was qualified for the job; (3) that he experienced an adverse employment action; and (4) that he was replaced by someone outside of the protected class or was treated differently than similarly situated employees outside the protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006). Because he is a male, Plaintiff's gender discrimination claim constitutes a "reverse discrimination" claim. *Simpson v. Vanderbilt Univ.*, 359 F. App'x 562, 569 (6th Cir. 2009) (citing *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir.2004)); *Ragozzine v. Youngstown State Univ.*, 2 F. Supp. 3d 1051, 1066 (N.D. Ohio 2014), *aff'd*, 783 F.3d 1077 (6th Cir. 2015); *Maxwell v. Postmaster Gen. of the United States*, No. 13-10040, 2016 WL 465591, at *11 (E.D. Mich. Feb. 8, 2016); *Wright v. Memphis Police Ass'n, Inc.*, No. 14-2913-STA-DKV, 2015 WL 3407358, at *6 (W.D. Tenn. May 26, 2015). In these types of claims, to satisfy the first prong, "the plaintiff must demonstrate background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority," and to satisfy the fourth prong, "'the plaintiff

---

[4]Under Rule 12(b)(5), a court may consider matters outside of the pleadings, such as affidavits. "Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)." *Metropolitan Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1366 (2d ed.). Had Defendant filed its motion under Rule 12(b)(5) it could have submitted evidence as to the service issue.

10

must show that the defendant treated differently employees who were similarly situated but were not members of the protected class.'" *Simpson*, 359 F. App'x at 569 (internal quotation marks and citations omitted); *Leadbetter*, 385 F.3d at 690.

A Title VII plaintiff need not establish all elements of a prima facie case of discrimination to survive a motion to dismiss. *Swierkiewicz*, 534 U.S. at 512 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."). "[S]o long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). Thus, although the complaint need not present "'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" that Defendant discriminated against Plaintiff with respect to an adverse employment event. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

The Magistrate Judge concludes that Plaintiff has not demonstrated that he is plausibly entitled to relief under Title VII for sex discrimination. Plaintiff does not allege that he told Evans that he believed that he was being harassed because of his sex. Nor does Plaintiff allege that Evans treated female employees better than he. Plaintiff also does not allege that he was replaced by a female employee. Plaintiff makes only the conclusory assertion that other employees in the same or similar situation as he were treated better by being counseled instead of being terminated. However, Plaintiff does not allege that these two female employees had verbal confrontations with Evans or any other female supervisor or what the positions of these two female employees were. Moreover, Plaintiff alleges that these two female employees worked at the Madison facility, a

11

different facility from the one in Bordeaux where he worked. The Magistrate Judge has considered Plaintiff's *pro se* status and has liberally construed the pleadings, but finds that Plaintiff has failed to allege sufficient facts which set forth a cognizable federal claim. The Magistrate Judge also notes Plaintiff was given ample opportunity to file a response, but elected not to do so.

### 2. Age Discrimination

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against an individual "because of such individual's age." 29 U.S.C. § 623(a)(1). The elements of an ADEA claim are that (1) the plaintiff was over 40 years old; (2) the plaintiff suffered an adverse employment action; (3) the plaintiff was qualified for the job in question; and (4) the plaintiff was either replaced by a person outside the protected class or treated differently than similarly-situated individuals outside the protected class. *Green v. Fid. Investments*, 374 F. App'x 573, 577 (6th Cir. 2010) (citing *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004)). Here, Plaintiff has failed to allege "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Defendant discriminated against Plaintiff because of his age. Plaintiff only alleges that he was 56 at the time of his termination. Plaintiff makes no mention of age in any of his filings. Plaintiff does not allege that he was replaced by a substantially younger individual or that or he was treated differently than similarly-situated younger employees. Accordingly, because Plaintiff has failed to allege facts sufficient to support a plausible inference of discrimination, this claim is without merit. *See House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463-64 (6th Cir. 2015).

### 3. Retaliation

"A plaintiff in a Title VII or ADEA action may establish retaliation either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 543 (6th Cir. 2008). Absent direct evidence, to state a claim for retaliation, a plaintiff must allege plausible facts that: (1) the plaintiff engaged in protected conduct; (2) the defendant had knowledge of this protected activity; (3) the defendant thereafter took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Id.* Again, a plaintiff need not establish all elements of a prima facie case of discrimination to survive a motion to dismiss, but must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" that Defendant discriminated against Plaintiff. *Keys*, 684 F.3d at 610 (citations omitted).

An employer cannot retaliate against an employee who engages in any activity protected under Title VII. 42 U.S.C. § 2000e-3(a). Such protected activity may include either "oppos[ing] any practice made an unlawful employment practice" or "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing." *Id.* "Title VII's anti-retaliation provision is similar in relevant respects to the ADEA's anti-retaliation provision, and that it is therefore appropriate to look to cases construing Title VII as a source of authority for interpreting the ADEA's anti-retaliation clause." *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007); *Watford v. Jefferson Cty. Pub. Sch.*, 870 F.3d 448, 453 (6th Cir. 2017), *reh'g denied* (Oct. 20, 2017) ("The ADEA contains a nearly identical anti-retaliation provision, 29 U.S.C. § 623(d), which is functionally equivalent for purposes of this analysis.").

The Magistrate Judge concludes that Plaintiff did not sufficiently plead conduct that amounted to opposition to an unlawful employment practice. Plaintiff only generally complained to the HR director that he was "harassed" by Evans refusing to tell him who informed her that he was smoking and hiding in a closet and for her giving him more work than he could handle. Plaintiff does not allege that he told the HR director that he believed that he was being discriminated against on the basis of his gender or age. *See Nwabue v. Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 553 (6th Cir. 2013) (The plaintiff "did not allege any facts or arguments in his complaint indicating that he was engaging in a protected activity that resulted in retaliation by the defendants.").

## IV. RECOMMENDATION

Accordingly, for these reasons, the Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry No. 11) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE.**

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 4th day of June, 2018.

/s/     Joe  B.  Brown
JOE B. BROWN
United States Magistrate Judge